UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOHN HARRISON** | **DOCKET NO. 6:22-cv-6010** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE AYO** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by pro se plaintiff John Harrison (Harrison). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, IT IS RECOMMENDED that Plaintiff's suit be DISMISSED WITHOUT PREJUDICE.

### I. Background

Plaintiff alleges that in on October 5, 1999, he went to trial, despite never being arraigned or appointed counsel. Doc. 5, p. 3. Further, he alleges that the trial court falsified and altered the record to make it appear that he was arraigned. *Id*. He seeks $15,000,000 "for the pain and suffering of 23 years of slavery." *Id*. at p. 4.

### II. Law & Analysis

#### A. *Frivolity Review*

Plaintiff is not a prisoner; nor is he proceeding *in forma pauperis*. Therefore, the screening provisions of Title 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in *Black v. Hornsby*, 2014 WL 2535168 (W.D. La., May 15, 2014), this Court relied *on Apple v. Glenn*, in which the United States Sixth Circuit Court of Appeals recognized a district court's inherent authority to

conduct a limited screening procedure, sua sponte, in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." 183 F.3d 477, 479 (6th Cir.1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528 (1974)). Although pro se pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers*, Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must still meet basic pleading requirements, and a court is not required to conjure allegations on their behalf. *See Chao v. Dars of Texas,* 2015 WL 6522818, FN 4 (E.D. Tex. 2015). Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. Therefore, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. *Heck v. Humphrey*

Plaintiff claims he was wrongly convicted and sentenced because of the actions of the State of Louisiana. He is seeking monetary damages for an allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." *Heck v. Humphrey*, 512 U.S. 477,486-87 (1994). *Heck* involved a civil rights claim brought by a state prisoner. The Court dismissed the § 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the *Heck* teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction or sentence have been invalidated.

### III.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that this suit be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers this 2nd day of March, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**